FILED

2009 Jun-12  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL R. JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:** |
| | ) |
| **GMAC; EQUIFAX INFORMATION** | ) |
| **SERVICES, INC.; EXPERIAN** | ) |
| **INFORMATION SOLUTIONS, INC.;** | ) |
| **TRANS UNION, LLC; and INNOVIS** | ) |
| **DATA SOLUTIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

## JURISDICTION & VENUE

1.   This is an action brought by a consumer for violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"].  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.   This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and

---

[1] Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.    The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.    Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## **PARTIES**

5.    The Plaintiff, Mike Jones ("Plaintiff Jones"), is a natural person who resides within this Judicial District.

6.    Defendant General Motors Acceptance Corporation ("Defendant" or "GMAC") is a foreign company that engages in the business of making automobile loans and leases and furnishes credit reporting information to consumer reporting agencies.  It conducts business in this Judicial District. Its principal place of business is in the State of New York and it is incorporated in New York.

2

7.     Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

8.     Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of California and it is incorporated in Ohio.

9.     Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Illinois and it is incorporated in Delaware.

10.    Defendant Innovis Data Solutions, Inc. ("Defendant" or "Innovis") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Ohio and it is incorporated in Missouri.

## FACTUAL ALLEGATIONS

11. On March 23, 2006, Plaintiff signed, on behalf of the City of Helena, a lease agreement to lease a 2006 Hummer H3.

12. Plaintiff was an employee of the Helena Police Department at this time.

13. The Hummer H3 was to be used for city purposes.

14. On March 23, 2006, Mayor Charles S. Penhale issued a "Not-for-Profit Resolution" for the Helena Police Department (a not for profit corporation) authorizing Plaintiff to sign the paperwork to enter into the agreement with GMAC.

15. On March 23, 2006, the lease agreement was signed by Plaintiff as Sergeant of Helena Police Department and GMAC by and through Crest Cadillac of Birmingham.

16. This vehicle was not the personal vehicle of Plaintiff and was instead used by the Helena Police Department.

17. Plaintiff left the employ of the Helena Police Department.

18. After Plaintiff left, the Helena Police Department returned the vehicle or otherwise stopped paying the lease.

19. Defendant GMAC began reporting on Plaintiff's personal credit reports (at least Equifax, Experian, Trans Union and Innovis) that Plaintiff was late and that Plaintiff owed over $5,000 on this account.

20.     This was false.

21.     Plaintiff has disputed with the Defendants CRAs at least one time in March 2009.

22.     The March 2009 dispute told all Defendants (including GMAC) that this was not his account and enclosed the documents related to the transaction and the "Not- for-Profit Resolution" described above.

23.     In or about May 2008 to at least Defendant Trans Union, Plaintiff disputed this false account stating "This account belongs to the city of Helena and the Helena Police Department for a police car.  I am not a responsible party or co-signer on this account.   You may contact my attorney:   Balch & Bingham, LLP, Jefferson Sterling III, at 205-266-3406 for more information."

24.     The Defendant CRAs and Defendant GMAC have verified this false account and have decided to keep it on his credit reports.

25.     The Defendants' wrongful conduct has caused the Plaintiff past and future financial and emotional harm and the Plaintiff has suffered damage to his credit scores and reputation and has been turned down for credit after the wrongful verification.

## CREDIT REPORT AND RESULTS OF
## INVESTIGATION FROM TRANS UNION

26.     On March 26, 2009, Defendant Trans Union completed its investigation and showed the GMAC account as "charged off as bad debt", an individual account, a balance of $5346 and "Dispute resolved-cust disagrees".

27.     On May 28, 2008, Defendant Trans Union completed its investigation of Plaintiff's dispute by telling him the results of the investigation were: "Verified, No Change".

28.     On the May 28, 2008, Defendant Trans Union report the account and showed a balance of $0 with the same information as show in the March 26, 2009, report with the exception of the high balance being different and the address for GMAC was different.

29.     A Trans Union report dated April 18, 2008, shows the account as a "Joint Account", "charged off as bad debt", "Profit and loss write-off", and a balance of $5346.

30.     A March 26, 2008, Trans Union report does not show any adverse accounts including the GMAC account.

## CREDIT REPORT AND RESULTS OF
## INVESTIGATION FROM EXPERIAN

31.     On April 13, 2009, Defendant Experian completed its investigation and showed the GMAC account as "charged off", "$5,346 written off", joint account, a balance of $0 and "Completed investigation of FCRA dispute – customer disagrees."

32.     On March 26, 2009, Defendant Experian told Plaintiff regarding the documents he enclosed in his dispute to Experian:  "We are responding to the information you sent us.  Upon careful review of your information, we determined we were not able to use it."

33.     On the March 26, 2009, Defendant Experian reported the account and showed a balance of $0, with a charge off or written off amount of $5,346 and the "responsibility" stating "N/A" indicating neither an individual or joint account.  Additionally, the address for GMAC is different than in the 2009 report.

## CREDIT REPORT AND RESULTS OF
## INVESTIGATION FROM EQUIFAX

34.     On April 3, 2009, Defendant Equifax completed its investigation and showed the GMAC account as a charge off, a joint account, a balance of $5346 and "Consumer Disputes After Resolution."

## CREDIT REPORT AND RESULTS OF
## INVESTIGATION FROM INNOVIS

35. On March 20, 2009, Defendant Innovis completed its investigation and showed the GMAC account as a "charge off", an individual account, a balance or past due amount of $5346 and "Dispute investigation complete - consumer disagrees".

36. On March 10, 2009, Defendant Innovis reported the account as a charge off and a notation that "Dispute investigation complete – consumer disagrees".

## PARKING

37. "Parking" is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

38. In parking or allowing the parking of an account, Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

39. Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants'

actions with the goal to force the Plaintiff to pay on an account Plaintiff does not owe.

40.     Plaintiff has suffered damages due to the parking scheme the Defendants have engaged in against the Plaintiff.

## WRONGFUL CONDUCT BY DEFENDANTS

41.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently reported this account and failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA and state law.

## DAMAGES

42.     Plaintiff Jones has suffered great past and future emotional distress from the Defendants refusal to help Plaintiff Jones.  The Defendants' conduct has caused Plaintiff Jones to feel that these companies have no respect for Plaintiff.  These Defendants have treated Plaintiff Jones with contempt and in a high handed manner which has only intensified the grief and mental anguish  The embarrassment  of knowing that Plaintiff Jones' credit reports

were and are wrong is severe and knowing that companies Plaintiff Jones does business with have seen these defamatory and false reports is very troubling.

43.    The conduct of Defendants has caused past and future monetary loss and damage to Plaintiff Jones' credit score, worthiness, and reputation.

44.    All employees and/or agents for each Defendant acted in the line and scope of their employment and/or agency relationship with Defendant.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Credit Reporting Act (FCRA)

45.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

46.    Plaintiff Jones is a "consumer," as codified at 15 U.S.C. § 1681a(c).

47.    Equifax, Experian, Trans Union, and Innovis are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

48.    GMAC is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

49.    Plaintiff Jones notified Equifax, Experian, Trans Union, and Innovis directly of a dispute on the GMAC account as it did not belong to Plaintiff Jones and

they directly and timely and properly notified[2] GMAC in accordance with the requirements of the FCRA.

50.   Plaintiff Jones alleges that GMAC failed in all respects to conduct a proper and lawful reinvestigation from start to finish.

51.   Plaintiff Jones alleges that Defendants Equifax, Experian, Trans Union, and Innovis failed in all respects to conduct a proper and lawful reinvestigation from start to finish.

52.   Defendants Equifax, Experian, Trans Union, and Innovis have at all relevant times failed to maintain reasonable procedures to assure maximum accuracy and has violated § 1681e(b).

53.   All actions taken by Defendants were done with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff Jones and/or with the knowledge that its actions would very likely harm Plaintiff Jones and/or that its actions were taken in violation of the FCRA and/or that knew or should have known that its actions were in reckless disregard of the FCRA.

54.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

---

[2] Alternatively, Defendant CRAs violated the FCRA by not properly notifying GMAC of the disputes.

## SECOND CLAIM FOR RELIEF
### Negligent, Reckless, and Wanton Conduct

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

56. Defendants each assumed a duty, through the subscriber agreement and other actions, to accurately report the balances of Defendant's accounts.

57. Defendants have agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681(a)(1)(a) which states:

"A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

- 15 U.S.C. § 1681(a)(1)(B) which states:

"A person shall not furnish information relating to a consumer to any consumer reporting agency if –
(i)    the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(ii)   the information is, in fact, inaccurate."

- 15 U.S.C. § 1681(a)(2) which states:

" A person who –
(A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(B)   has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that

determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

58.    Defendants each have a duty under Alabama law to act reasonably under the circumstances.

59.    Defendants each have violated this duty under Alabama law by failing to act reasonably under the circumstances which include, but are not limited[3] to, the following:

- Defendants know Plaintiff Jones did not owe any money on the GMAC account;

- Defendants falsely reported this account;

- Defendants know this was a transaction with the City of Helena, not Plaintiff individually;

- Defendants routinely update credit reports;

- Defendants know and have agreed they must follow the FCRA which requires inaccurate information to be removed;

- Defendants have chosen to update the account falsely; and

[3] Until discovery is completed, Plaintiff Jones cannot know all the circumstances for each Defendant.

- Defendants know their actions will harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

60. Defendants each violated all of the duties the Defendants had and such violations were made recklessly, wantonly, and negligently as Defendants refused to comply with all of the duties each Defendant had.

61. It was foreseeable, and each of the Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by Plaintiff Jones.

62. Defendants each acted with negligence, wantonness, and/or recklessness in their dealings with and about Plaintiff Jones as set forth in this Complaint. This includes the initial reporting of Defendants' account; the refusal to properly update/delete the account; and all other aspects as set forth in this Complaint.

63. Plaintiff Jones has been damaged as a proximate result of each Defendant's wrongful conduct as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### Malicious, Intentional[4] and Willful Conduct

64.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

65.   Defendants each assumed a duty, through the subscriber agreement and other actions, to accurately report the balances of Defendant's accounts.

66.   Defendants have agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681(a)(1)(a) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate</u>."

- 15 U.S.C. § 1681(a)(1)(B) which states:

"A person shall <u>not furnish information</u> relating to a consumer to any consumer reporting agency if –
(iii)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(iv)   the <u>information is, in fact, inaccurate</u>."

- 15 U.S.C. § 1681(a)(2) which states:

---

[4] Even though this is in a different "Claim For Relief", a recent U.S. Supreme Court opinion dealing with the FCRA has held that there is no distinction between wanton (reckless) conduct and intentional (willful) conduct. *See Safeco Ins. Co. v. Burr*, 127 S.Ct. 2201, 2207-10 (2007)(citing *Prosser's Law of Torts* "Although efforts have been made to distinguish the terms 'willful,' 'wanton,' and 'reckless,' such distinctions have consistently been ignored, and the three terms have been treated as meaning the same thing, or at least as coming out at the same legal exit").

" A person who –

(C)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(D)     <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate</u>, shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and <u>accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

67.     Defendants each have a duty under Alabama law to act reasonably under the circumstances.

68.     Defendants each have violated this duty under Alabama law by failing to act reasonably under the circumstances which include, but are not limited[5] to, the following:

- Defendants know Plaintiff Jones did not owe any money on any GMAC;

- Defendants falsely reported this account;

- Defendants know this was a transaction with the City of Helena, not Plaintiff individually;

---

[5] Until discovery is completed, Plaintiff Jones cannot know all the circumstances for each Defendant.

- Defendants routinely update credit reports;

- Defendants know and have agreed they must follow the FCRA which requires inaccurate information to be removed;

- Defendants have chosen to update the account falsely; and

- Defendants know their actions will harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

69.   Defendants each violated all of the duties the Defendants had and such violations were made intentionally, willfully, and maliciously as Defendants refused to comply with all of the duties each Defendant had.

70.   Each Defendant has acted in utter disregard for the rights of the Plaintiffs and have decided to take (or fail to take) action which Defendant knows or is substantially certain will result in harm to Plaintiffs. The Defendants have acted wrongfully without just cause or excuse as Defendants have and had an intent to harm the Plaintiffs and/or acted with an evil intent.

71.   It was foreseeable, and each of the Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiffs.

72.   Defendants each acted with malice and/or intentional (willful) conduct in their dealings with and about Plaintiffs as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the intentional refusal

to properly update/delete the accounts; and all other aspects as set forth in this Complaint.

73.   Plaintiffs have been damaged as a proximate result of each Defendant's wrongful conduct as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF
### <u>Invasion of Privacy</u>

74.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

75.   Defendants each recklessly, intentionally, and/or willfully invaded the privacy of Plaintiffs as set forth in Alabama law, including publishing false information about Plaintiffs' personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

76.   Plaintiffs have been damaged as a proximate result of each Defendant's wrongful conduct as set forth in this Complaint.

## FIFTH CLAIM FOR RELIEF
### <u>Defamation</u>

77.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

78.   Defendants falsely published false information even after Plaintiff demanded that the false information be removed.

79.   Plaintiff has been damaged by the multiple publications of this false information which was the very purpose behind Defendants' intentional and malicious conduct.

### SIXTH CLAIM FOR RELIEF
### Misrepresentation and/or Supression of Material Facts

80.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

81.   Defendants each intentionally, maliciously, recklessly and/or negligently have committed misrepresentations of material facts in that each of the Defendants has falsely represented via at least credit reports that Plaintiff owes money to GMAC and Defendants have suppressed the truth that this is not the Plaintiff's account.

82.   GMAC has intended that all who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the account does not belong to the Plaintiff.

83.   Defendants Equifax, Experian, Trans Union, and Innovis have intended that all who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the account does not belong to the Plaintiff.

84. Defendants have each intended that the justifiable and reasonable reliance by others would adversely affect the Plaintiff and that has been the result.

85. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct related to the misrepresentations and suppressions of material facts has proximately caused the damages set forth in this complaint.

## RELIEF SOUGHT

86. An award of statutory, actual, compensatory and punitive damages, in an amount to exceed $500,000.00 and costs of the action including expenses, together with reasonable attorney's fees.

87. Plaintiff also requests all further relief to which Plaintiff is entitled under State law, whether of a legal or equitable nature.


Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**<u>Serve Defendants via certified mail at the following address:</u>**

General Motors Acceptance Corporation
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

Innovis Data Solutions, Inc.
c/o CSC Lawyers Incorporating Service
50 W. Broad Street
Suite 1800
Columbus Ohio 43215